J3QAAGIVP                    Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                          19 CR 214 (LAK)(KHP)

5   ANTHONY GIVENS,

6                Defendant.

7   ------------------------------x

8                                        New York, N.Y.
                                         March 26, 2019
9                                        10:30 a.m.

10

    Before:
11
                    HON. KATHARINE H. PARKER,
12
                                         Magistrate Judge
13

14                       APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    PETER J. DAVIS
17       Assistant United States Attorney

18  JONATHAN A. MARVINNY
         Attorney for Defendant Givens
19

20

21

22

23

24

25

J3QAAGIVP                    Plea

1          (Case called)

2          MR. DAVIS:  Good morning, your Honor.

3          Peter Davis, for the government

4          THE COURT:  Good morning.

5          MR. MARVINNY:  Good morning.

6          Federal Defenders of New York, by Jonathan Marvinny,

7    for Mr. Givens.

8          THE COURT:  Good morning, Mr. Marvinny.

9          And good morning, Mr. Givens.  I'm Judge Parker.

10          THE DEFENDANT:  Good morning, your Honor.

11          THE COURT:  We're here for a plea allocution in your

12    case and I understand that you wish to plead guilty to Count

13    Two in the information against you.  That charge alleges that

14    you committed bank fraud in violation of Title 18 of the U.S.C.

15    Sections 2 and 1344.

16          Mr. Marvinny, have you reviewed the information with

17    your client and does he waive its public reading?

18          MR. MARVINNY:  Yes, your Honor.

19          THE COURT:  All right.  Before we move forward,

20    Mr. Givens, I want to remind you of certain constitutional

21    rights that you have.  You have the right to remain silent.

22    You are not required to make any statements.  Even if you've

23    already made statements to the authorities, you do not need to

24    make my further statements.  Anything you do say could be used

25    against you.

J3QAAGIVP                    Plea

1          If you are not a U.S. citizen, you have the right to

2     request that a government attorney or law enforcement official

3     notify a consular officer from your country of origin that you

4     have been arrested.  And in some cases the U.S. Government has

5     to give that notice whether you request it or not.

6          You have the right to be represented by an attorney

7     and your attorney is here.  You also have the right to be

8     released with or without conditions pending trial unless there

9     are no conditions that would reasonably assure your presence at

10    court and the safety of the community.

11          Do you understand all of this?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  All right.  Then, I'm going to deem you to

14    have been arraigned on the information and will proceed with

15    the plea.

16          Before we get started I'm going to ask the courtroom

17    deputy to place you under oath.

18          (Defendant Anthony Givens sworn)

19          THE COURT:  Mr. Givens, you've now been placed under

20    oath.  This means that any statements you make here may be used

21    against you by the government in a prosecution for perjury or

22    for making false statements.

23          Do you understand?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  The document that contains the charge to

1    which you've indicated you wish to plead guilty is called an

2    "information".  This document was issued by the United States

3    Attorney and not a grand jury.  Under the U.S. Constitution you

4    have a right to be charged by an indictment which is issued by

5    a grand jury instead of by an information.

6           Now, a grand jury is a group of 23 ordinary citizens

7    who are called to jury service to hear the government's

8    evidence in criminal cases.  The grand jury decides whether the

9    evidence is sufficient to justify bringing you to trial.  In

10   order to return an indictment, at least 12 of the grand jurors

11   must vote in favor of the indictment finding that there's

12   probable cause to believe that an offense was committed and

13   that you committed it.  If you give up your right to have the

14   charges against you presented to the grand jury, the case will

15   proceed against you based on the U.S. Attorney's information

16   just as if you had been indicted.

17          Do you understand?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Now, I have a copy of a waiver of

20   indictment form that bears your signature.  It's dated today.

21   I saw you sign it just before we started.

22          Did you review this form with your lawyer before you

23   signed it?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Do you understand that by signing the

J3QAAGIVP                    Plea

form, you're giving up your right to have your case presented

to a grand jury?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you discussed with your lawyer the

advantages and disadvantages of waiving indictment?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have any threats or promises been made to

you apart from the written plea agreement to get you to waive

indictment?

THE DEFENDANT:  No, your Honor.

THE COURT:  Do you still wish to waive indictment?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  OK.  Your waiver is accepted.

Next, I have a form called a "Consent to Proceed

Before a United States Magistrate Judge on a Felony Plea

Allocution" that you've signed also today.  What this form says

is that you know you have the right to have your plea taken by

a United States district judge but you are agreeing to have

your plea taken by a U.S. magistrate judge such as myself.  And

as a magistrate judge, I have the authority to take your plea

with your consent and you're still entitled to all the same

rights and protections as if you were before a district judge.

Before you signed this form did your lawyer explain it

to you?

THE DEFENDANT:  Yes, your Honor.

J3QAAGIVP                    Plea

1          THE COURT:  And did you seen it voluntarily?  Did you

2   voluntarily sign it?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you still wish to proceed before me?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Your consent is accepted.

7          I'd like to explain a little bit more about the

8   proceeding today.  I'm going to ask you various questions.

9   Some are personal in nature and others are about the crime to

10  which you wish to plead guilty.  I'm also going to review

11  various rights that you have and will be giving up by pleading

12  guilty.

13          The purpose of these questions is to make sure that

14  you understand your rights and to make sure that you're

15  voluntarily pleading guilty of your own free will and because

16  you are in fact guilty of the crime to which you are pleading

17  guilty.

18          Do you understand?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  If there's anything you don't understand,

21  stop me and I'll try to explain it further or I'll give you an

22  opportunity to talk with your lawyer.  OK?

23          THE DEFENDANT:  OK.

24          THE COURT:  What's your full name?

25          THE DEFENDANT:  Anthony Givens.

J3QAAGIVP                    Plea

1          THE COURT:  How old are you?

2          THE DEFENDANT:  Twenty-seven.

3          THE COURT:  Are you a U.S. citizen?

4          THE DEFENDANT:  Yes.

5          THE COURT:  The reason I ask that is pleading guilty

6     to a felony can have serious consequences for noncitizens.

7          How far did you go in school?

8          THE DEFENDANT:  Twelfth grade.

9          THE COURT:  Did you graduate from high school?

10          THE DEFENDANT:  (Shaking his head)

11          THE COURT:  Have you recently been under the care of a

12    doctor or mental health professional?

13          THE DEFENDANT:  No.

14          THE COURT:  Do you have any condition that affects

15    your ability to see or to hear?

16          THE DEFENDANT:  No, your Honor.

17          THE COURT:  Do you have any condition that affects

18    your ability to make judgments and decisions for yourself?

19          THE DEFENDANT:  No, your Honor.

20          THE COURT:  Have you ever been treated or hospitalized

21    for mental illness?

22          THE DEFENDANT:  No, your Honor.

23          THE COURT:  Have you ever been treated or hospitalized

24    for drug addiction?

25          THE DEFENDANT:  No, your Honor.

1          THE COURT:  Alcoholism?

2          THE DEFENDANT:  No, your Honor.

3          THE COURT:  As you sit here today, are you under the

4     influence of any mind-altering drug or alcohol?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  And how are you feeling physically today?

7          THE DEFENDANT:  Feeling fine today.

8          THE COURT:  Glad to hear that.  Is your mind clear

9     today?

10          THE DEFENDANT:  Yes.

11          THE COURT:  You understands what's happening in this

12     proceeding?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Does either counsel have any objections to

15     Mr. Givens' competence to plead at this time?

16          MR. DAVIS:  No, your Honor.

17          MR. MARVINNY:  No, your Honor.

18          THE COURT:  I am now going to explain certain

19     Constitutional rights that you have and these are rights that

20     you'll be giving up if you enter a guilty plea.

21          Under the Constitution and laws of the United States

22     you have a right to plead not guilty to the charges contained

23     in the information.

24          Do you understand that?

25          THE DEFENDANT:  Yes.

J3QAAGIVP                    Plea

1          THE COURT:  If you plead not guilty you'd be entitled

2     to a speedy and public trial by a jury of the charges against

3     you.  At the trial you would be presumed innocent and the

4     government would be required to prove you guilty beyond a

5     reasonable doubt before you could be found guilty, and you

6     could not be convicted unless a jury of 12 people agreed

7     unanimously that you are guilty beyond a reasonable doubt.

8          Do you understand?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  If you decide to go to trial, at that

11    trial and at every stage of your case you would have the right

12    to be represented by a lawyer and if you could not afford one,

13    a lawyer would be appointed to represent you at the

14    government's expense.  And even if you retained a private

15    defense counsel and ran out of money, an attorney would be

16    appointed at that point to represent you.  So you'd be entitled

17    to an attorney all through trial and not just for a guilty plea

18    and your decision to plead guilty should not depend on whether

19    you can afford a lawyer.

20          Do you understand?

21          THE DEFENDANT:  Yes.

22          THE COURT:  During a trial the witnesses for the

23    prosecution would have to come to court and testify in your

24    presence where you could see and hear them and your lawyer

25    could cross-examine them.  If you wanted, your lawyer could

offer evidence on your behalf.  You'd be able to use the

court's power to compel witnesses to come to court and testify

in your defense even if they didn't want to.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At trial you would have the right to

testify in your own defense if you wanted but you'd also have

the right not to testify.  If you close not to testify, that

could not be used against you in any way.  No inference or

suggestion of guilt would be permitted from the fact that you

did not testify.

Do you understand?

THE DEFENDANT:  I got you.

THE COURT:  If you were convicted at trial, you would

have the right to appeal that verdict to a higher court.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  And as I said before, you have the right

to plead not guilty.  Even right now as you sit here today for

the purposes of entering a guilty plea, you have the right to

change your mind and persist in a not guilty plea and go to

trial.  But if you do plead guilty and your plea is accepted,

you will give up the right to a jury trial and all the other

rights that go with it that I've just described.

Do you understand?

J3QAAGIVP                          Plea

1              THE DEFENDANT:  Yes.

2              THE COURT:  Finally, if you do plead guilty, you're

3    giving up the right not to incriminate yourself and I'm going

4    to ask you questions in a little bit about what you did to

5    satisfy myself that you are actually guilty of the crime to

6    which you are pleading guilty.  By pleading guilty you'll be

7    admitting to your factual, as well as your legal guilt.

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  I am now going to review Count Two in the

11   information against you and the consequences of pleading guilty

12   to it.

13             Count Two charges you with bank fraud in violation of

14   Title 18 of U.S.C. Sections 2 and 1344.

15             The information states that from on or about October

16   of 2018, up to about December of 2018, in this district and

17   elsewhere, you executed a scheme to defraud a financial

18   institution, an FDIC ensured bank by depositing stolen, forged

19   or altered checks at the bank.

20             I'm going to ask Mr. Davis to state the elements of

21   this crime.

22             MR. DAVIS:  Yes, your Honor.

23             In order to prove the defendant guilty of Count Two of

24   the information the government would have to prove the

25   following elements beyond a reasonable doubt:

J3QAAGIVP                    Plea

1              First, that the defendant knowingly executed a scheme

2      or artifice to defraud at least one financial institution or

3      knowingly executed a scheme to obtain the money, funds or other

4      property owned by or under the control of at least one

5      financial institution by means of material false or fraudulent

6      pretenses, representations or promises or aided and abetted,

7      counsel, commanded, induced or procured the commission of such

8      scheme or artifice.

9              Second, the government would have to prove that the

10     defendant did so with the intent to deceive at least one

11     financial institution to obtain the financial institution's

12     property.

13             Third, the defendant deceived the financial

14     institutions that were then insured by the Federal Deposit

15     Insurance Corp or FDIC.

16             Additionally, the government would be required to

17     prove by a preponderance of the evidence that venue in this

18     district is proper.

19             THE COURT:  Thank you.

20             Mr. Marvinny, do you agree that the government has

21     accurately described the elements of this crime?

22             MR. MARVINNY:  Yes, your Honor.

23             THE COURT:  Mr. Givens, do you understand the elements

24     that the government has just described?

25             THE DEFENDANT:  Yes, your Honor.

J3QAAGIVP                    Plea

1          THE COURT:  Do you understand that the government

2     would have to prove each of those elements beyond a reasonable

3     doubt at trial in order for you to be convicted of this crime?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  I'm now going to tell you the maximum

6     possible penalty for this crime.  The "maximum" means the most

7     that could possibly be imposed.  It does not mean that is what

8     you necessarily would receive.  But by pleading guilty you are

9     exposing yourself to the possibility of receiving any

10    combination of punishments up to the maximum that I am about to

11    describe.

12         The maximum term of imprisonment for this offense is

13    30 years, which could be followed by five years of supervised

14    release.  "Supervise release" means that after you are released

15    from prison you may be subject to supervision of the probation

16    department.  And if you are placed on supervised release and

17    then violated a condition of that release, you can be returned

18    to prison without getting credit for the time served on post

19    release supervision.

20         In addition, the maximum possible punishment for the

21    crime includes a fine of up to a million dollars, twice the

22    gross monetary gain derived from the crime or twice the gross

23    monetary loss to persons other than yourself which ever is

24    greatest.  The Court also may order restitution, and by

25    pleading guilty, you are agreeing to make restitution in the

J3QAAGIVP                    Plea

1  amount of $25,981.55 to Bank of America.  In accordance with

2  Title 18 of U.S.C. 36636.

3          The Court also may require forfeiture of any proceeds

4  obtained directly or indirectly from this crime.  Forfeiture is

5  in addition to any other fine, cost of imprisonment,

6  restitution or other penalty the Court may impose.  By pleading

7  guilty you will be admitting to the forfeiture allegations in

8  the information and agreeing to the entry of a consent order of

9  forfeiture in the amount of $75,153.28.  These are proceeds of

10 the crime that you personally obtained.

11         The Court is required to impose a mandatory special

12 assessment or fine of $100 each.

13         And as I mentioned earlier, if you are not a citizen

14 of the United States, a guilty plea can result and

15 presumptively would result in removal or deportation and you

16 would not be able to withdraw your plea based on any adverse

17 immigration consequences.

18         Do you understand everything I've said so far?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  A guilty plea also may result in a loss of

21 certain valuable civil rights to the extent you have them today

22 or could obtain them in the future.  These include the right to

23 vote, the right to hold public office, the right to serve on a

24 jury and the right to possession any kind of firearm.

25         Do you understand?

J3QAAGIVP                    Plea

1                THE DEFENDANT:  Yes, your Honor.

2                THE COURT:  Do you understand the charge against you

3    and the consequences of pleading guilty?

4                THE DEFENDANT:  Yes.

5                THE COURT:  Have you had enough time to talk with your

6    lawyer about the charges against you and how you wish to plead?

7                THE DEFENDANT:  Yes.

8                THE COURT:  Have you had enough time to talk with your

9    lawyer about the consequences of pleading guilty?

10               THE DEFENDANT:  Yes.

11               THE COURT:  Are you satisfied with your attorney's

12   representation of you?

13               THE DEFENDANT:  Yes.

14               THE COURT:  Now, I have a written plea agreement that

15   has been signed by you as of today.  Did you read the agreement

16   before you signed it?

17               THE DEFENDANT:  Yes.

18               THE COURT:  Did you discuss it with your lawyer before

19   you signed it?

20               THE DEFENDANT:  Yes.

21               THE COURT:  Did your lawyer explain its terms and

22   conditions to you?

23               THE DEFENDANT:  Yes.

24               THE COURT:  In the plea agreement you and the

25   government have reached an agreement regarding how your

J3QAAGIVP                    Plea

sentence would be calculated and a part of our law known as the

"Sentencing Guidelines".  And the agreement is that the

appropriate computation under the sentencing guidelines would

result in a sentencing range of 12 to 18 months imprisonment.

And additionally, under the guidelines calculations the fine

range would be $4,000 to a million dollars.  Under the plea

agreement, neither you nor the government is allowed to argue

to the sentencing judge for a computation that is different

from the one in the plea agreement.

          Do you understand that?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  The parties are agreeing not to seek or

suggest any upward or downward departure from the stipulated

sentencing guidelines range except that either side may seek a

sentence outside of the agreed upon range based on factors to

be considered under another section of law, Title 18 of the

U.S.C. Section 3553(a).

          Now, I want to make sure you understand the

government's reserved the right to seek an adjusted guidelines

range if it learns new information about your criminal history

or if you fail to clearly demonstrate acceptance of

responsibility, or if it's determined that you've engaged in

conduct currently unknown to the government that constitutes

obstruction of justice or if you commit another crime after

signing this agreement.

J3QAAGIVP                     Plea

1        Do you understand?

2        THE DEFENDANT:  Yes, your Honor.

3        THE COURT:  Also, I want to make sure that I

4   understand neither the probation department nor this Court is

5   bond by the recommendations and calculations in the letter and

6   the sentencing judge is free to do and in fact obliged to do

7   his or her own calculation of the appropriate sentencing range

8   in your case and that could result in a sentencing range that

9   differs from the one in the letter.

10        The sentencing judge has discretion to give you a

11   prison sentence below or above the range set forth in the plea

12   agreement or that he or she independently calculates is the

13   appropriate range anywhere up to the maximum sentence I told

14   you about earlier.

15        Do you understand everything I've explained?

16        THE DEFENDANT:  Yes, your Honor.

17        THE COURT:  In determining an appropriate sentence the

18   Court will consider the sentencing guidelines, possible

19   departures from those guidelines and the factors set forth in

20   Title 18 of U.S.C Section 3553(a).  Also, the Court will

21   consider a presentence report prepared by the probation

22   department that you'll get a chance to review with your

23   attorney and challenge any facts in that agreement.

24   Ultimately, the sentencing judge will determine your sentence

25   based on all of the factors I've explained and that sentence

J3QAAGIVP                    Plea

1    may be more severe than you expect but you won't be able to

2    withdraw your guilty plea at this point.

3              Do you understand?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Now, by entering a plea you will not be

6    able to appeal your conviction directly or indirectly such as

7    through a petition for a writ of habeas corpus.

8              Do you understand?

9              MR. DAVIS:  Yes.

10             THE COURT:  Under the plea agreement so long as the

11   sentencing judge sentences you to a prison term of no longer

12   than 18 months and a term of supervised release of no more than

13   five years, you also are agreeing not to appeal that sentence

14   whether directly or indirectly such as through a petition for

15   writ of habeas corpus.

16             Do you understand?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Under the plea agreement you also cannot

19   challenge your conviction on the ground that the government

20   failed to produce certain information that might have been

21   helpful to you at trial.

22             Do you understand?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Also under the plea agreement, you cannot

25   appeal any fine of $1 million or less or an order of

J3QAAGIVP                    Plea

1     restitution of $25,981.55 or less or the consent order of

2     forfeiture in the amount of $75,153.28.

3              Do you understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Also, I want to make sure that you

6     understand that the plea agreement does not bind any other

7     prosecution office here other than the U.S. Attorney's Office

8     for the Southern District of New York.

9              THE DEFENDANT:  Yes.

10             THE COURT:  Before I go on, are there any other

11    provisions of the plea agreement that either counsel would like

12    me to review with Mr. Givens?

13             MR. DAVIS:  No other provisions, your Honor.

14             MR. MARVINNY:  No provisions.

15             THE COURT:  Mr. Givens, aside from what's in the plea

16    agreement, have any promises been made to you to influence you

17    to plead guilty?

18             THE DEFENDANT:  No, your Honor.

19             THE COURT:  Have you been threatened in any way or

20    coerced into pleading guilty?

21             THE DEFENDANT:  No.

22             THE COURT:  Have any promises been made to you about

23    the actual sentence you will receive to get you to plead

24    guilty?

25             THE DEFENDANT:  No.

J3QAAGIVP                    Plea

1          THE COURT:  Now that you have been advised of the

2   charges against you and the possible penalties you face and the

3   other rights you are giving up, do you still wish to plead

4   guilty to Count Two of the information?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Is your plea voluntary and made of your

7   own free will?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  With respect to Count Two, how do you

10  plead, guilty or not guilty?

11         THE DEFENDANT:  Guilty.

12         THE COURT:  Are you pleading guilty because you, in

13  fact, committed this offense?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Tell me what you did in your own words.

16         THE DEFENDANT:  Well, from October to December, I

17  deposited multiple checks and altered checks into our bank

18  accounts basically trying to get funds.

19         MR. MARVINNY:  Who is "they"?

20         THE DEFENDANT:  Bake of America.

21         THE COURT:  Where?

22         THE DEFENDANT:  In the Bronx.

23         THE COURT:  Did you in fact obtain money from some of

24  those deposits?

25         THE DEFENDANT:  Yes.

J3QAAGIVP                     Plea

1          THE COURT:  Mr. Marvinny, are you challenging that the

2    bank was insured by the FDIC.

3          MR. MARVINNY:  No, your Honor.  We stipulate to that

4    fact.

5          THE COURT:  OK.  Mr. Givens, at the time you did these

6    acts did you know what you were doing was wrong and against the

7    law?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Mr. Marvinny, do you believe there's a

10   sufficient factual predicate for a guilty plea?

11         MR. MARVINNY:  I do.

12         THE COURT:  Are there any other questions that you

13   would like me to ask your client?

14         MR. MARVINNY:  No, your Honor.

15         THE COURT:  Do you know of any defense that would

16   prevail at trial or other reason why your client shouldn't be

17   permitted to plead guilty?

18         MR. MARVINNY:  No.

19         THE COURT:  Are there other questions that the

20   government would like me to ask?

21         MR. DAVIS:  None from the government, your Honor.

22         THE COURT:  Do you believe there's a sufficient

23   predicate for a plea?

24         MR. DAVIS:  I do, your Honor.

25         THE COURT:  Do you want to make a proffer?

J3QAAGIVP                    Plea

1      MR. DAVIS:  The proffer, your Honor, is that Bank of

2   America, the victim bank in this case, is insured by the FDIC

3   at the time that Mr. Givens was depositing the altered checks

4   and seeking those funds.

5      THE COURT:  Do you want to proffer any evidence that

6   you would submit to support a guilty plea?

7      MR. DAVIS:  Yes, your Honor.  If we were to go to

8   trial we would expect to present the following evidence to

9   prove the elements of the crime beyond a reasonable doubt,

10   surveillance from the bank, bank records, testimony from the

11   victims, physical evidence recovered from the time of the

12   arrest and copies of the stolen checks.

13      THE COURT:  Mr. Marvinny, is your client agreeing that

14   the government has sufficient evidence to demonstrate beyond a

15   reasonable doubt each of the elements of this crime?

16      MR. MARVINNY:  Yes.

17      THE COURT:  OK.  Mr. Givens, is there anything about

18   this proceeding or what I've said that you don't understand?

19      THE DEFENDANT:  Oh, I understand everything.

20      THE COURT:  OK.  On the basis of your responses to my

21   questions and my observations of your demeanor, I find that you

22   are competent to enter a guilty plea and I'm satisfied that you

23   understand your rights, including a right to go to trial and

24   that you're aware of the consequences of your plea, including

25   the sentence that may be imposed.

1           I also find that you are voluntarily pleading guilty

2     and that you are guilty and that you've admitted that you are

3     guilty as charged in Count Two of the information.  So, for

4     these reason I'll recommend that the direct judge accept your

5     plea.

6           I'd ask the government to order a copy of the

7     transcript and to prepare necessary paperwork so that probation

8     can get started with a presentence report.  I'll ask

9     Mr. Marvinny to also meet with probation and Mr. Givens for

10    purposes of preparing that report.

11          Has there been any sentencing date set yet?

12          MR. DAVIS:  Not yet, your Honor.

13          THE COURT:  I'm going to set a control date.  I'll set

14    a control date of June 14.

15          Is there anything further from the government?

16          MR. DAVIS:  Nothing from the government.

17          THE COURT:  Is there anything further?

18          MR. MARVINNY:  May I have one moment please?

19          THE COURT:  Yes.

20          (Pause)

21          MR. MARVINNY:  Nothing further.  Thank you.

22          MR. DAVIS:  Nothing further.

23          THE COURT:  Great.  We are adjourned.  Thank you,

24    everyone.

25          (Adjourned)