

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 17, 2019

**BY ECF & HAND**

The Honorable Lewis A. Kaplan
Southern District of New York
500 Pearl Street Square
New York, New York 10007

    Re:    *United States v. Anthony Givens*, 19 Cr. 214 (LAK)

Dear Judge Kaplan:

    The Government respectfully submits this letter in advance of sentencing in this matter, which is scheduled for June 24, 2019 at 3:30 p.m. For the reasons explained below, the Government submits that a sentence within the Stipulated Guidelines range of 12 to 18 months' imprisonment would be sufficient, but not greater than necessary, to achieve just punishment for the defendant's crime, protect the public from further crimes of the defendant, promote respect for the law, and deter this defendant and others similarly situated from committing similar crimes.

### A. Factual Background

    In the short period between October 2018 and December 2018, the defendant, Anthony Givens, deposited approximately nine stolen checks totaling approximately $75,153.28 into different bank accounts at a national bank. (PSR ¶ 9.) The stolen checks were personal checks issued by nine different victims. (*Id.* at ¶¶ 10-14.) In total, Mr. Givens's bank fraud scheme caused an actual loss to the bank of approximately $25,981.55. (*Id.* at ¶ 16.)

    On March 29, 2019, the defendant pleaded guilty to one count of bank fraud in violation of 18 U.S.C. §§ 1344 and 2. The defendant pleaded guilty pursuant to a plea agreement with the Government. The plea agreement stipulated that the offense level for Mr. Given's bank fraud was 11 and that the defendant had six criminal history points, which placed him in Criminal History Category III. Accordingly, the parties stipulated to a sentencing range of 12 to 18 months' imprisonment (the "Stipulated Guidelines Range").

### B. The Defendant's Criminal History

    The defendant has a criminal record that reflects a disregard for the rule of law. On June 15, 2015, the defendant pleaded guilty to participating in a marijuana conspiracy and was sentenced to time served (which was 300 days' imprisonment) followed by three years' supervised release. The defendant then violated his supervised release three separate times. In October 2016, Chief Judge McMahon imposed a sentence of four months' imprisonment for Mr. Givens's first violation. In November 2017, Chief Judge McMahon imposed a sentence of time served for his second violation. And, in July 2018, Chief Judge McMahon sentenced Mr. Givens to six months'

imprisonment for his third violation. These sentences result in three criminal history points. (PSR ¶ 32.)

On July 6, 2016, the defendant pleaded guilty and was sentenced for attempted assault in the third degree following a domestic dispute in which he "punched his now former girlfriend . . . with a closed fist in her face multiple times." (PSR ¶ 33.) The PSR awards one criminal history point for this offense. Also on July 6, 2016, the defendant pleaded guilty and was sentenced for resisting arrest and attempted assault in the third degree following another violent incident where the defendant "assaulted a male victim by punching him in the face." (PSR ¶ 34.) The PSR awards one criminal history point for this offense.[1]

Finally, because this offense was committed while the defendant was on supervised release, an additional two criminal history points are awarded. (PSR ¶ 36.)

### C. The Defendant's Submission

The defendant's June 11, 2019 submission ("Mem.") contends that Mr. Givens should be sentenced within the Stipulated Guidelines Range of 12 to 18 months' imprisonment.

### D. Discussion

#### 1. Applicable Law

The Government submits that a sentence within the Stipulated Guidelines Range is appropriate for this defendant. As the Court is aware, the Sentencing Guidelines provide strong guidance to sentencing courts following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall* v. *United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, Your Honor must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct, protect the public from further crimes of the defendant, and promote respect for the law. *Id.* at 50 & n.6.

---

[1] The PSR assigns the defendant one more criminal history point than the plea agreement (and a criminal history category of IV) because the sentences imposed on July 6, 2016 for Mr. Givens's attempted assault in the third degree and resisting arrest were part of the same case and resulted in a 30 day term of imprisonment. (PSR ¶ 84.) The PSR also determined that a separate attempted assault in the third degree conviction, which Mr. Givens was also sentenced to on July 6, 2016, resulted in 30-day term of imprisonment and should count separately for one criminal history point. (*Id.*) The Probation Department has provided the parties with the underlying criminal records supporting its calculated Guidelines range of 18 to 24 months' imprisonment.

### 2. A Sentence Within the Stipulated Guidelines Range Is Appropriate

A sentence within the Stipulated Guidelines range is necessary to promote respect for the law, protect the public from further crimes of the defendant, and adequately deter criminal conduct. Mr. Givens deposited approximately $75,000 in stolen checks. The checks were personal checks issued by nine victims, and Mr. Givens deposited them into third-party accounts. Mr. Givens's conduct demonstrates a lack of respect for the rule of law and little care for the victims he harmed.

Moreover, Mr. Givens's criminal history reflects a pattern of law breaking that has been undeterred by prior sentences. In September, Mr. Givens will be before Chief Judge McMahon for his *fourth* violation of supervised release. At that proceeding, Mr. Givens will again be held accountable for his continued abuse of the Court's trust. Here, however, a substantial sentence within the Stipulated Guidelines Range is necessary so that Mr. Givens will be specifically deterred from continuing to break the law, whether that is violently (as in his prior assault convictions) or non-violently in this bank fraud.

For all these reasons, a sentence within the Stipulated Guidelines Range of 12 to 18 months' imprisonment would adequately balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

### E. Conclusion

For the above-stated reasons, the Government recommends a sentence within the Stipulated Guidelines Range.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: ___/s/_____
Peter J. Davis
Assistant United States Attorney
(212) 637-2468

cc: Jonathan Marvinny, Esq. (by ECF)