J6PTGIVS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                            19 CR 214 (LAK)

ANTHONY GIVENS,

            Defendant.

------------------------------x

                              New York, N.Y.
                              June 25, 2019
                              2:30 p.m.

Before:

              HON. LEWIS A. KAPLAN,

                              District Judge

                    APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
PETER DAVIS
    Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK
    Attorneys for Defendant
BY:  JONATHAN MARVINNY

1               (Case called)
2               MR. DAVIS:  Good afternoon, your Honor, Peter Davis
3      for the government.
4               THE COURT:  Mr. Davis, good afternoon.
5               MR. MARVINNY:  Good afternoon, your Honor, Federal
6      Defenders of New York by Jonathan Marvinny for Mr. Givens.
7               THE COURT:  Thank you.
8               Okay.  Mr. Marvinny, have you and your client had the
9      presentence report for the necessary period?
10              MR. MARVINNY:  I don't think we have had it for the --
11     we haven't had the final version for the necessary period, but
12     we waive any of that.
13              THE COURT:  You believe what?
14              MR. MARVINNY:  We haven't had the final report for 35
15     days, but we had a draft at least that far out, so we're happy
16     to proceed.  We reviewed the final report together.
17              THE COURT:  Thank you.
18              Mr. Givens, did you read the presentence report?
19              THE DEFENDANT:  Yes, your Honor.
20              THE COURT:  Did you discuss it fully with your lawyer?
21              THE DEFENDANT:  Yes, your Honor.
22              THE COURT:  Are you satisfied with your lawyer and
23     with the representation he's provided you in this case?
24              THE DEFENDANT:  Yes, your Honor.
25              THE COURT:  Thank you.  Are there any unresolved

J6PTGIVS

1    objections to the presentence report?
2            MR. DAVIS:  No, your Honor.
3            MR. MARVINNY:  No, your Honor.
4            THE COURT:  I adopt the presentence report but I do
5    not adopt the guideline computation and range.  I adopt that to
6    which the parties stipulated, which comes out to a guideline
7    range of 18 to 24 months, as I remember.  Is that correct,
8    folks?
9            MR. MARVINNY:  That is not correct, your Honor, our
10   stipulated range was 12 to 18.
11           THE COURT:  12 to 18.  Thank you.  I stand corrected,
12   I appreciate that.
13           I have received in relation to the sentencing the
14   presentence report, the government's June 17 letter,
15   Mr. Marvinny's submission filed June 11.  Is there anything
16   further of which I ought to be aware?
17           MR. MARVINNY:  No, your Honor.
18           MR. DAVIS:  No, your Honor.
19           THE COURT:  I will hear from defense counsel.
20           MR. MARVINNY:  Thank you, your Honor.  We have asked
21   the Court to impose a sentence within the stipulated guidelines
22   range of 12 to 18 months.  The government has asked for a
23   sentence within the same range, so I suppose we're not that far
24   apart.
25           Mr. Givens' record, particularly his recent record,

speaks for itself.  We know it's concerning in many regards, but I will say I met with Mr. Givens a bunch while he's been at the MDC.  I do believe Mr. Givens himself believes and intends that this is the last time he returns to prison.  A lot has changed in his life recently, most significantly the birth of his very first child at the end of May.  This was a birth that occurred while he was in prison, so he was not able to attend that incident, impacting Mr. Givens greatly.

So he's someone who is sick of cycling and in and out.  Mr. Givens' first conviction was this marijuana conviction in 2014.  He received time served on that case, and his problems have kind of compounded since then.  He's come out, he's had trouble finding work, he's lost jobs because he is now a convicted felon.  He's picked up some smaller cases that have been compounded and turned into supervised release violations.  This isn't to make any excuses for any of his violations or of his returns to prison, it's to say that his life has gone off the rails a bit since his federal conviction several years ago.  But it is a cycle that he is very much hoping to end.

As to the conduct in this case, your Honor, Mr. Givens turned to the conduct unfortunately not long after he was released on his most recent supervised supervised release violation, but it was a time of great financial stress for Mr. Givens.  He was having a lot of difficulty finding work.  And it was also at a time that he found out that his partner

was pregnant with their child. That added an increased sense of economic stress for Mr. Givens. So he did these inexcusable acts at a time when he was kind of at a loss for income and wondering how he was going to make ends meet. It's not an excuse, of course, we're not saying it is, we're not asking for time served or something like that, but those are the circumstances of his offense.

He does face additional time before Judge McMahon, so to the extent that his problems are going to continue to compound in Mr. Givens' life, he is still facing a supervised release violation before Judge McMahon in September. So we think, balancing all the equities, a sentence within the range of 12 to 18 months would be appropriate.

THE COURT: Thank you.

Mr. Givens, is there anything that you would like to say? You have the right to speak.

THE DEFENDANT: I just feel like as a man we supposed to provide for our family. I made a few bad mistakes, but I was under a lot of pressure and I didn't know what to do. I panicked. That's not the right choice that I made, I know. Look where it landed me. And I missed my first child being born, being at the hospital. It hurt me. I had a lot of time to sit down and think about it. Like this one right here hurt me more than any other time I came to jail.

I just want to apologize to my girlfriend, to my

1 family, to the Court for having everybody coming here today,
2 and I hope I get a decent sentence.
3     THE COURT: Thank you.
4     Counsel?
5     MR. DAVIS: Just briefly, your Honor, the government
6 is also seeking a sentence within the stipulated guidelines
7 range. I just want to underscore a couple of points in our
8 sentencing submission.
9     This most recent offense by the defendant shows a
10 continued disrespect for the rule of law. As defense counsel
11 said, the record here speaks for itself. None of the prior
12 sentences that Mr. Givens has had have clearly deterred him
13 from continuing to break the law.
14     As to the conduct here, let's just call it what it is,
15 it's just stealing. And so for those reasons --
16     THE COURT: Call it what it is, and then I lost you.
17     MR. DAVIS: It's just stealing, Judge. It's just a
18 theft crime where the defendant deposited stolen checks on
19 camera at an ATM. It shows a disrespect for the rule of law.
20     So for those reasons, we believe a sentence within the
21 stipulated guidelines range is appropriate.
22     THE COURT: Mr. Givens, please rise for the imposition
23 of sentence.
24     It is the judgment of this Court that you be committed
25 to the custody of the Attorney General of the United States or

his designee for a term of imprisonment of 18 months, that you thereafter serve a term of supervised release of five years, and that you pay the mandatory special assessment of $100.

It's further adjudged that you forfeit to the United States the sum of $75,153.28, as more fully set forth in the order of forfeiture that I have signed today, and that you pay restitution in the amount of $25,981.55, as more fully set forth in the order of restitution that I am or have signed today. The restitution shall be payable in monthly installments commencing on the first day of the second month following the month in which you are released from the term of imprisonment imposed hereby. Each monthly payment shall be equal to ten percent of your income for the preceding month.

The term of supervised release shall be subject to the mandatory and the standard conditions of supervision one through twelve, in addition to the following special conditions:

First, you shall provide the probation officer with any financial information that he or she may request.

Second, you shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

Third, you will participate in a substance abuse program approved by the U.S. Probation Office, which may include testing to determine the use of drugs or alcohol. I

1  authorize the release of available drug treatment evaluation
2  and reports to the substance abuse treatment provider as
3  approved by the probation officer.
4       Fourth, you shall submit your person, vehicle, and
5  premises under your control to a search at a reasonable time
6  and in a reasonable manner on the basis that the probation
7  officer has reasonable belief that contraband or evidence of a
8  violation of the conditions of your release may be found.  The
9  mandatory drug testing condition is suspended because the
10 conditions of supervised release contemplate drug testing.
11      I advise you that to whatever extent you haven't
12 waived it you have the right to appeal from the judgment
13 imposing this sentence.  If you wish to appeal and you can't
14 afford to pay the fees necessary to do so, you have the right
15 to apply for permission to appeal as a poor person.  If that
16 application were granted, you would be permitted to appeal
17 without payment of the fees, and if you couldn't afford a
18 lawyer, a lawyer would be appointed for you at government
19 expense.  If you wish to appeal, you must file a written notice
20 of appeal with the clerk of the district court no later than 14
21 days following the date on which judgment is entered, which
22 could be as early as today.  You may be seated.
23      Anything further, folks?
24      MR. DAVIS:  The government moves to dismiss the open
25 count of the information.

J6PTGIVS

1            THE COURT:  Granted.
2            MR. MARVINNY:  Nothing from us.  Thank you.
3            THE COURT:  Thanks, folks.
4            (Adjourned)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25